**FILED**
APR 2 6 2001

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 20 2001

FILED
CLERK'S OFFICE

A CERTIFIED TRUE COPY
APR 20 2001
ATTEST
FOR THE JUDICIAL PANEL OF
MULTIDISTRICT LITIGATION

**DOCKET NO. 1095**

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

# IN RE GENERAL INSTRUMENT CORP. SECURITIES LITIGATION

*BKP Partners, L.P., et al. v. General Instrument Corp., et al.*, N.D. Illinois, C.A. No. 1:96-1644 (N.D. California, C.A. No. 3:96-532)
*Michael Golding v. Daniel F. Akerson, et al.*, N.D. Illinois, C.A. No. 1:96-1394 (E.D. Pennsylvania, C.A. No. 2:95-6466)
*Mark Fisher v. Daniel F. Akerson, et al.*, N.D. Illinois, C.A. No. 1:96-1500 (E.D. Pennsylvania, C.A. No. 2:95-6677)
*Selma Molder v. Daniel F. Akerson, et al.*, N.D. Illinois, C.A. No. 1:96-1501 (E.D. Pennsylvania, C.A. No. 2:95-6706)
*Lynne D. Lewis v. Daniel F. Akerson, et al.*, N.D. Illinois, C.A. No. 1:96-1502 (E.D. Pennsylvania, C.A. No. 2:95-6728)
*Patricia Shively v. Daniel F. Akerson, et al.*, N.D. Illinois, C.A. No. 1:96-1503 (E.D. Pennsylvania, C.A. No. 2:95-6521)

DOCKETED
MAY 09 2001

**BEFORE WM. TERRELL HODGES, CHAIRMAN, LOUIS C. BECHTLE, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS AND D. LOWELL JENSEN, JUDGES OF THE PANEL**

## REMAND ORDER

Presently before the Panel is a motion, pursuant to Rule 7.6, R.P.J.P.M.L., 192 F.R.D. 459, 470-72 (2000), by plaintiffs in these six actions to remand the actions[1] from the Northern District of Illinois to their respective transferor courts. All defendants[2] (collectively referred to as GIC) oppose remand.

On the basis of the papers filed and the hearing held, the Panel finds that remand of these six actions is appropriate at this time. Under 28 U.S.C. §1407, the Panel has the duty to remand transferred actions at the conclusion of coordinated or consolidated pretrial proceedings unless actions are otherwise terminated in the transferee district.[3] Judge Leinenweber, on December 21,

---

[1] One derivative action had also been involved in MDL-1095. Judge Harry D. Leinenweber granted summary judgment for defendants in this action – *Seymour Lazar v. John Seely Brown, et al.*, N.D. Illinois, C.A. No. 1:96-1504 (E.D. Pennsylvania, C.A. No. 2:95-6773) – on November 21, 2000; on December 6, 2000, the court entered a final order dismissing this action.

[2] General Instrument Corporation, Forstmann Little & Co., Forstmann Little & Co. Subordinated Debt and Equity Management Buyout Partnership IV, Instrument Partners, NLC Acquisition Corp., Next Level Communications, Daniel F. Akerson, Charles T. Dickson, Frank M. Drendel, Nicholas C. Forstmann, Theodore J. Forstmann, Steven B. Klinsky, Lawrence L. Osterwise, and Richard S. Friedland.

[3] *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, et al.*, 523 U.S. 26, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998).

2000, suggested that the Panel remand these actions.[4] In doing so, he advised the Panel that he believes that he has completed his task under Section 1407 as transferee judge with respect to these actions and that Section 1407 remand is appropriate.

GIC opposes remand of the five actions now before us that were originally filed in the Eastern District of Pennsylvania on the ground that plaintiffs waived their right to Section 1407 remand through certain conduct, including the filing of an amended consolidated complaint in the transferee district, by alleging therein that venue is proper in the Northern District of Illinois.[5] GIC argues that i) in a recent post-*Lexecon* ruling[6] the Eleventh Circuit Court of Appeals described a scenario in which it found that the *Carbon Dioxide* plaintiffs waived Section 1407 remand, and ii) the MDL-1095 Pennsylvania plaintiffs' conduct similarly constitutes a waiver of Section 1407 remand.

We believe that *Carbon Dioxide* is distinguishable and does not govern this case. The fact that the amended consolidated complaint alleges proper venue in the Northern District of Illinois does not preclude the existence of proper venue in the original transferor district, nor does it constitute, as in *Carbon Dioxide*, a stipulation that the case be tried in the transferee court. There was simply no waiver in this instance of the plaintiffs' right of remand under Section 1407 especially where the plaintiffs have consistently sought that relief in the past. See *In re General Instrument Corp. Securities Litigation*, MDL-1095 (J.P.M.L. Aug. 12, 1999) (unpublished order) (prior motion by plaintiffs seeking remand of the present actions).

The conclusion that there was no waiver of the right to remand in the circumstances of this case does not end the inquiry, however, because GIC also argues a different theory, as we interpret GIC's position: that the filing of the amended consolidated complaint in the Northern District of Illinois constituted the inception of a new "case or controversy" in that District, thereby superceding and rendering moot the pending separate actions that had come to that District pursuant to our Order under Section 1407. We do not wish to discount that possibility in an appropriate case, but find it unnecessary to pursue or decide the issue here. Other actions within this docket were originally filed in the Northern District of Illinois, and Judge Leinenweber's Order transferred them to the Eastern District of Pennsylvania under 28 U.S.C. §1404. There is reason to believe, therefore, that if these actions should now be treated as a new action initiated in the Northern District of Illinois by the filing of the amended consolidated complaint – a point that we do not decide – Judge Leinenweber would be disposed to transfer the case under Section 1404 to the Eastern District of Pennsylvania just as he did with respect to the other actions brought in Illinois. Thus, the end result would be the same – the Pennsylvania and Illinois actions would be remanded/transferred to the Eastern District of Pennsylvania for trial.

---

[4] On the same date, Judge Leinenweber ordered transfer under 28 U.S.C. §1404 of the remaining seven actions in MDL-1095, all originally filed in the Northern District of Illinois, to the Eastern District of Pennsylvania, conditioned upon the Panel's Section 1407 remand of the five actions now before us that were originally filed there.

[5] Defendants originally also opposed remand of the *BKP Partners* action, but in oral argument at the Panel hearing in this matter, counsel conceded that Section 1407 remand of this action is appropriate.

[6] *In re Carbon Dioxide Industry Antitrust Litigation*, 229 F.3d 1321 (11th Cir. 2000), *cert. denied*, 69 U.S.L.W. 3617 (U.S. Mar. 19, 2001) (No. 00-1122).

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, these six actions are hereby remanded from the Northern District of Illinois to their respective transferor courts.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman